UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 06-51-DCR |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| 13 FIREARMS AND AMMUNITION | ) | **AND ORDER** |
| SEIZED FROM 7438 KY 718 DEWITT, | ) | |
| KENTUCKY, | ) | |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court for consideration of Roy Sizemore's request for judgment in his favor and petition for determination of proportionality. [Record No. 9]  For the reasons discussed herein, the Court will deny Sizemore's request for judgment in his favor and will permit this forfeiture action to proceed with discovery.

**I.     BACKGROUND**

On September 27, 2004, officers with the Kentucky State Police ("KSP") located Roy Sizemore at a worksite near his residence.  According to the United States, when Sizemore observed the officers approaching, he attempted to hide a pill bottle.  One of the officers recovered a medicine bottle from the ground and found that it contained eight Hydrocodone tablets and four Xanax tablets.  Sizemore admitted to the officers that he had no prescriptions for these substances.

Subsequently, the officers executed a search warrant at Sizemore's residence at 7438 KY 718, Dewitt, Kentucky.  During this search, the officers located several ounces of marijuana in

a dresser drawer and three Percocet tablets in a jewelry box. They also recovered a handgun loaded with four rounds of ammunition located adjacent to the marijuana and the Percocet (firearm #8, Verified Complaint) and a handgun loaded with two rounds of ammunition located in the downstairs living room (firearm #13, Verified Complaint). Eleven more firearms were seized which were located throughout Sizemore's residence.

During an interview, Sizemore stated that he had a drug problem and that he illegally took narcotic pills and smoked marijuana. According to the United States, he admitted to illegally purchasing the pills in his possession and to growing the marijuana for his use. The United States further states that Sizemore also admitted that all of the firearms retrieved from his residence were his property.

ATF adopted the seizure of the firearms and ammunition from the KSP on October 5, 2004. On or about November 8, 2004, ATF initiated administrative forfeiture proceedings against the firearms and ammunition. A letter was sent via certified mail to Sizemore at his last known address. However, it was returned undelivered. Subsequently, Special Agent Tom Chittum personally served Sizemore with the notice of initiation of administrative forfeiture proceedings on October 14, 2005. In addition, notice was published in the *Wall Street Journal* on November 18 and 25, 2004, and December 2, 2004. Sizemore submitted a claim dated November 10, 2005, stating that the firearms and ammunition belong to him.

On February 2, 2006, the United States filed the instant civil action pursuant to 18 U.S.C. § 924(d) seeking forfeiture of the 13 firearms and 6 rounds of ammunition seized from Sizemore's residence on or about September 27, 2004.

## II.    DISCUSSION

Title 18, United States Code, Section 924(d)(1) provides, in relevant part, that:

> Any firearm or ammunition involved in or used in any knowing violation of subsection . . . (g) . . . of section 922, . . . shall be subject to seizure or forfeiture [and disposition of firearms as defined in section 5845(a) of the Internal Revenue Code of 1986 shall, so far as applicable, extend to seizures and forfeitures under the provisions of this chapter].

18 U.S.C. § 924(d)(1).  The United States alleges that Sizemore possessed the firearms and ammunition in question in violation of 18 U.S.C. § 922(g)(3) and that they are, therefore, subject to forfeiture pursuant to 18 U.S.C. § 924(d)(1).  Title 18, United States Code, Section 922(g)(3) provides that:

> it shall be unlawful for any person who is an unlawful user of or addicted to any controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 802) to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearms or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(3).

According to the United States, Sizemore was an unlawful user of controlled substances. The United States notes that the officers obtained controlled substances from Sizemore's person and residence as a result of a search executed on September 27, 2004.  Further, the United States points out that Sizemore made a number of statements to the officers following the search of his residence in which he admitted to the unlawful possession of controlled substances.  Therefore, the United States alleges that the firearms and ammunition in Sizemore's possession are subject to the seizure and forfeiture provisions of 18 U.S.C. § 924(d)(1).

Sizemore argues that the firearms and ammunition are not subject to forfeiture because the United States has failed to allege that: (1) the firearms and/or ammunition were involved in or used in violation of any provision of section 922; and (2) there was a substantial connection between the seized firearms and/or ammunition and the allege criminal conduct. In support, Sizemore relies, in part, on the Supreme Court's decision in *Bailey v. United States*, 516 U.S. 137 (1995).

Sizemore cites the *Bailey* decision for the proposition that the Government must produce some "evidence to show an active employment of the firearm by the defendant." [Record No. 9, p. 6] However, in *Bailey*, the defendants were convicted of violating 18 U.S.C. § 924(c), which makes it unlawful for a person who "during and in relation to any . . . drug trafficking crime . . . uses or carries a firearm." 18 U.S.C. § 924(c). As correctly noted by the United States, in order for a person to be guilty of violating of 18 U.S.C. § 922(g)(1) through (9), the individual must merely be in possession of a firearm and/or ammunition. The term "involved in or used in" as provided in § 924(d) includes firearms possessed by prohibited persons such as Sizemore, an unlawful drug user.[1] Therefore, his firearms and ammunition were "involved in" a violation of the Gun Control Act.

The Defendant has further requested that the Court make a determination of proportionality. In making this request, Sizemore is essentially requesting that this Court find that amount of forfeiture sought by the United States is excessive in relation to the "gravity of

---

[1] The fact that the claimant has not been prosecuted for unlawful possession of controlled substances is not relevant in this civil forfeiture action. *See e.g., United States v. Edwards*, 182 F.3d 333 (5th Cir. 1999) (admission to repeated use and discovery of drugs in residence would lead an ordinary person to understand that Edwards' action established him as "an unlawful user").

the offense" pursuant to Excessive Fines Clause of the Eighth Amendment. The Court agrees with the United States that this issue is premature inasmuch as the Court has not yet determined that forfeiture of the firearms and/or ammunition is proper. *See* 18 U.S.C. § 983(g).

### III. CONCLUSION

For the reasons discussed herein, the Court finds that this action should proceed with discovery. The United States has served notice of this forfeiture action upon Sizemore and he has filed a verified claim. His remedy is provided in 18 U.S.C. § 983, which governs the rules for civil forfeiture proceedings.

Accordingly, it is hereby **ORDERED** as follows:

1. Sizemore's request for judgment in his favor [Record No. 9] is **DENIED**;

2. Sizemore's petition for a determination of proportionality [Record No. 9] is **DENIED**, without prejudice to being renewed if such issue is relevant later in the proceedings.

This 11th day of July, 2006.



Signed By:
*Danny C. Reeves* DCR
United States District Judge